```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
SCOTT DECKER,                                         **MEMORANDUM &**
                              Plaintiff(s),         **ORDER**
                                           CV09-2572(WDW)

      -against-

LONG ISLAND RAILROAD,
                                Defendant(s).
```
-------------------------------------------------------------------X
```
**APPEARANCES:**
Robert W. Godwin, Esq.,
Godwin, Gilmour & Hurley, LLP
1234 Delaware Avenue
Buffalo, NY 14209
Attorneys for Plaintiff

Karla R. Alston, Esq.
Long Island Rail Road
93-02 Sutphin Boulevard
Jamaica, NY 11435

**WALL, Magistrate Judge:**

      Before the court is plaintiff Scott Decker's motion for partial summary judgment on the issue of liability. DE[30]. It is opposed by the defendant Long Island Railroad ("LIRR"). For the reasons set forth herein, the motion is DENIED. The parties are directed to submit additional briefing on the issues of whether Drill Engine number 103 was "in use" at the time of Decker's injury, and, if it was not, whether a violation of one of the regulations promulgated under the Locomotive Inspection Act can nevertheless establish negligence per se under the Federal Employers' Liability Act. The parties shall agree on a briefing schedule and inform the court of the dates.

## BACKGROUND

      The Complaint in this action was filed in June 2009 asserting claims pursuant to the

Federal Employers' Liability Act, 49 U.S.C. §5, et seq., the Federal Locomotive Inspection Act, 49 U.S.C. §20701, and rules and regulations promulgated thereunder. The plaintiff also claimed negligence per se. DE[1]. The case was assigned to District Judge Seybert. In December 2010, the parties consented to my jurisdiction for all purposes.

The Complaint alleges that the plaintiff, Scott Decker, was a Locomotive Engineer for the defendant LIRR, and that, while working on Drill Engine 103 on January 9, 2008, he fell and injured his left hand and wrist. The cause of the fall, he says, was an accumulation of oil and grease on a walkway. The parties appear to agree that there was oil on the walkway where Decker fell, but disagree as to how long it might have been there and whether Decker noticed it before he fell. Drill Engine No. 103 was taken out of service after the accident. The plaintiff says it was taken out of service "due to the presence of oil on the walkway of said engine." Pl. 56.1 Stmt. ¶9. The defendant says it was taken out of service "to be inspected for oil and to be cleaned." Def. 56.1 Counterstatement, ¶9. The plaintiff argues that the oil was there for a sufficient time that the defendant should or could have known it was there, but the defendant argues that there is an issue of material fact as to how long the oil was there - possibly only minutes- before Decker fell. This fully briefed motion was filed on March 18, 2011.

## DISCUSSION

**Summary Judgment Standards:**

Pursuant to Federal Rule of Civil Procedure 56(c), courts may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). At

2

this stage, the burden of proof is on the moving party to show that there is no genuine issue of material fact. *Gallo v. Prudential Residential Services, L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994)(citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)). A genuine issue of fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed.2d 202 (1986). In making this determination, the court must view all of the evidence "in the light most favorable" to the non-movant. *Breland-Starling v. Disney Pub. Worldwide*, 166 F. Supp. 2d 826, 829 (S.D.N.Y. 2001)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)). In addition, the court must resolve all ambiguities and draw all inferences in favor of the party opposing the motion. *Ackerman v. National Financial Systems*, 81 F. Supp. 2d 434 (E.D.N.Y. 2000). Once the moving party has met its initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56; *see Liberty Lobby*, 477 U.S. at 250.

In opposing the motion, the nonmoving party may not rely upon "mere conclusory allegations, speculation, or conjecture." *Ackerman*, 81 F. Supp. 2d at 436 (citing *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)). However, "if there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable." *Holt v. KMI Continental Inc.*, 95 F.3d 123, 129 (2d Cir. 1996). In reviewing the evidence and the inferences that may reasonably be drawn, the court may not make credibility determinations or weigh the evidence . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Kaytor v. Electric Boat Corp.,* 609 F. 3d 537, 545-46 (2d Cir.

2010))(internal citations and emphasis omitted). "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Id.* at 546 (citing Fed.R.Civ.P. 56(e) Advisory Committee Note (1963)).

**The Federal Employers Liability Act and Locomotive Inspection Act Standards:**

The FELA is a broad remedial statue that must be construed liberally in order to effectuate its purposes. *Marchica v. Long Island R.R. Co.,* 31 F.3d 1197, 1202 (2d Cir. 1994). It provides that:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . .
> 45 U.S.C. §51

To prove the railroad's negligence, a plaintiff must satisfy the elements of common law negligence - duty, breach, causation and damages. *See Tufariello v. Long Island R.R.,* 458 F.3d 80, 87 (2d Cir. 2006). However, the plaintiff's burden in demonstrating each of these elements in a FELA claim is "substantially relaxed." *See Mattaliano v. Metro-North Commuter Railroad Company,* 2010 WL 4455826, *3 (S.D.N.Y. Oct. 14, 2010) and cases cited therein. Although the Second Circuit "construes the statute, in light of its broad remedial nature, as creating a relaxed standard for negligence as well as causation, . . . FELA is not a strict liability statute, and the fact that an employee is injured is not proof of negligence." *Williams v. Long Island R.R. Co.,* 196 F.3d 402, 406 (2d Cir. 1999); *see also Corsale v. Delaware & Hudson Railway Company, Inc.,* 2010 WL 3907827, *2 (N.D.N.Y. Sept. 30, 2010).

FELA requires an employer to "'to provide its employees with a reasonably safe place to

4

work and this includes the duty to maintain and inspect work areas.'" *Corsale,* 2010 WL 3907827 at *2, (quoting *Sinclair v. Long Island R.R. Co.,* 985 F.2d 74, 76 (2d Cir. 1993)). Whether the railroad used reasonable care in furnishing its employees a safe place to work is normally a question for the jury. *Id.* at *2 n.2 (citing *Sinclair*, 985 F.2d at 77). "An employer breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Id.* (internal quotation marks and citations omitted). Reasonable foreseeability of harm is an essential ingredient of FELA negligence, and under FELA, the reasonable foreseeability element "requires proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Id.* (internal citations and quotation marks omitted). "Whether an employer had notice typically presents a question of fact." *Id.* at *2 n.3 (citing *Paul v. Genesee & Wyoming Indus., Inc.* 93 F. Supp. 2d 310, 318 (W.D.N.Y. 2000)).

With respect to causation, under FELA, a railroad employee may recover compensatory damages when the employer's negligence played a role, no matter how slight, in producing the employee's injury. *See id.* at *3 (citations omitted); *see also Traylor v. Metro-North Commuter Railroad,* 2002 WL 31319923, *2 (S.D.N.Y. Oct. 16, 2002)(citations omitted). Proof that the defendant railroad violated the Locomotive Inspection Act (previously known as the Boiler Inspection Act) establishes FELA negligence per se. *Id.* (citing *Urie v. Thompson,* 337 U.S. 163, 189 (1949)); *see also Szekeres v. CSX Tranportation,* 617 F.3d 424, 427 (6th Cir. 2010)(citations omitted).

Here, the plaintiff argues that the Accident Investigation Report and Findings prepared after his fall establishes the defendant's negligence and liability. The Report states that there was

5

oil on the ground when he fell. Pl. Ex. F, §C. The Findings list "oil on catwalk of Engine 103" as the "primary contributing factor" and as a "root cause." Pl. Ex. G, §§A & B. The defendant does not dispute the presence of oil on the walkway, but says that there are questions of fact as to how much oil was there and how long it had been there, issues going to whether the LIRR had notice of the condition. They also assert contributory negligence on Decker's part. Considering only the elements of a FELA claim, I agree that issues of material fact exist that must be decided by a jury, not by the court on a summary judgment motion. However, the plaintiff argues that the court must look not only to the common law negligence elements of a FELA claim, but also to the principle, noted *supra*, that the presence of oil on the walkway was a violation of the Locomotive Inspection Act ("LIA") that establishes negligence per se under FELA.

The LIA, first enacted in 1911, has gone through several amendments. It currently provides, in pertinent part, that a "railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances: (1) are in proper condition and safe to operate without unnecessary danger of personal injury; (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and (3) can withstand every test prescribed by the Secretary under this chapter." 49 U.S.C. §20701. One of the relevant regulations is 49 CFR 229.119(c), which requires that "floors of cabs, passageways and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard. Floors shall be properly treated to provide secure footing." The plaintiff argues that there is no question that there was oil on the floor of the walkway in violation of this regulation, and that negligence per se is thus established.

6

The defendant disagrees, arguing that the mere presence of a foreign substance on a locomotive does not automatically create a violation of the LIA. In support of that claim, the defendant cites to *Crockett v. Long Island R.R.,* 65 F.3d 274, 277 (2d Cir. 1995) for the proposition that because the locomotive was not in use at the time of the accident, the LIA did not apply. *Crockett* holds that "liability will only exist under the [LIA] where the locomotive in question is 'in use' at the time of the accident [and t]he question of whether the train is in use is a matter of law for the court." 65 F.3d at 277. Further, the *Crockett* court recognized that "congressional intent and the case law construing the statute clearly exclude those injuries directly resulting from the inspection, repair, or servicing of railroad equipment located at a maintenance facility." *Id.* (internal punctuation and citation omitted).

Here, the parties do not argue the question of whether the train was "in use" when Decker fell, and the record suggests that it may not have been. I do not make a finding on that issue, however, because there is insufficient detail to allow me to do so. The plaintiff states that the "question" on this motion is whether the Court should grant Plaintiff summary judgment under the LIA. Pl. Mem in Supp., DE[30-12] at 19. That determination cannot be made without a finding as to whether Drill Engine no. 103 was in use at the time of the accident, and thus the motion must be denied on the record before the court. However, the "in use" question is an issue of law for the court to decide prior to trial, and the parties are directed to file briefs regarding that issue. They may agree on a briefing schedule and notify the court of the dates.

I note that a separate, related issue also should be briefed and resolved prior to trial. As one court has noted, "*liability* under the LIA only exists if the locomotive was in use at the time of the accident," but that leaves open the question of whether a violation of the LIA might still

7

suffice to impose liability under FELA or impact the issue of comparative liability, even without a finding of direct liability under the LIA.  *See Kurns v. A.W. Chesterton, Inc.,* 620 F.3d 392, 398 (3d Cir. 2010)(emphasis in original).  The parties are directed to brief that issue as well.

Dated: Central Islip, New York  **SO ORDERED:**
March 30, 2011

  /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge